**H.T. & T., INC., et al., Plaintiffs,**

v.

**TRW, INC., et al., Defendants.**

**Civ. A. No. 87–0176–AH.**

United States District Court,
S.D. Alabama, S.D.

Feb. 24, 1989.

Hamp Uzzelle of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for plaintiffs.

George Lynn of Maynard, Cooper, Frierson & Gale, Birmingham, Ala., for defendants.

### ORDER

HOWARD, Chief Judge.

H.T. & T. brought suit in the United States District Court for the Southern District of Alabama alleging that TRW had violated section one of the Sherman Act by refusing to deal with the plaintiff and by engaging in vertical price-fixing. Pendent to these federal claims, the plaintiff also brought claims for common law intentional interference with business and defamation. Prior to trial, a summary judgment was granted for defendant on the defamation claim. At the conclusion of trial, the jury found liability only on the refusal to deal

claim and awarded plaintiff $5000 in damages which were then trebled to $15,000. Plaintiff now seeks attorneys' fees pursuant to 15 U.S.C. § 15 in the amount of $133,134.24.

■ Unlike some federal statutes which permit a reasonable attorneys' fee award for the prevailing party, the antitrust laws mandate such an award for any plaintiff establishing an antitrust injury. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 n. 5, 98 S.Ct. 694, 697 n. 5, 54 L.Ed.2d 648 (1978). The amount of the award, however, is in the sound discretion of the trial court. *Montague & Co. v. Lowry*, 193 U.S. 38, 24 S.Ct. 307, 48 L.Ed. 608 (1904). The court's discretion is guided by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).[1] There, the Fifth Circuit Court of Appeals identified the following twelve factors to consider in determining fee awards:[2]

1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and *the results obtained;* 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases.

*Id.* at 717–19. (emphasis added).

■ It is not disputed that a majority of these factors support a maximum fee award in this case. However, the defendant maintains that the plaintiff's limited success at trial mitigates against such an award, directing the Court's attention to factor eight set out above. The plaintiff, on the other hand, argues that since attorneys' fees are mandatory in antitrust cases, plaintiff is entitled to an award which reflects the time spent on all claims, despite the plaintiff's limited success at trial. The plaintiff relies heavily on *U.S. Football League v. National Football League*, 704 F.Supp. 474 (S.D.N.Y.1989), aff'd, 887 F.2d 408 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990) where the district court awarded $5,515,290.87 in attorneys' fees even though actual damages, once trebled, amounted to only $3.00. Based on *U.S. F.L.*, the plaintiff concludes that the degree of success in not an appropriate consideration in determining fee awards in antitrust cases.

The plaintiff's interpretation of *U.S.F.L.* is erroneous. To be sure, the court in *U.S.F.L.* rejected the argument that an award of mere nominal damages, standing alone, would support a reduction of attorneys' fees. Nevertheless, the court agreed to reduce the fee by 20% to reflect the fact that the plaintiff had prevailed on only one of five causes of action. *Id.* at 484 (citing, *inter alia, Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. at 1937 n. 3). Thus, while the plaintiff is correct that a small damages award does not, without more[3], mandate a reduction in attorneys' fees, a plaintiff's degree of success is not always defined by such an award. In fact, the defendant here argues that the plaintiff was only partially successful because the plaintiff prevailed on only one of four claims.

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**2.** These guidelines derive directly from the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2–106 and were noted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 n. 9, 103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983).

**3.** In *Tic–X–Press Inc. v. Omni Promotions Co. of Ga.*, 815 F.2d 1407 (11th Cir.1987), the Eleventh Circuit Court of Appeals said that "a small damages award *alone* does not justify reducing a fee award ..." *Id.* at 1424 (emphasis added). *See also City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1980) ("The amount of damages a plaintiff recovers is certainly relevant to the amount of attorneys' fees to be awarded ...").

A correct reading of *U.S.F.L.* supports TRW's position. The defendant there had attempted to circumvent the mandatory fee award of the antitrust laws by urging that the plaintiff's success was so limited that the plaintiff should not even be considered a prevailing party. In distinguishing mandatory from discretionary fee provisions, the court stated that "[t]he characterization of a party as 'prevailing' in a discretionary scheme involves different considerations than a mandatory scheme, in that in the former the Court is required to make an initial decision *whether* an award of fees is appropriate." *U.S.F.L.*, 704 F.Supp. at 478. (emphasis in original). Thus, unlike the mandatory fee award provided by the antitrust laws, under a discretionary scheme, such as that contemplated in § 1988, a plaintiff may have to prevail on a "significant issue in litigation" to be considered a prevailing party for the purpose of awarding any attorneys' fees. *Id.* (quoting *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939).

Whether a party is entitled to attorneys' fees under a discretionary provision, however, is a separate issue from whether the amount of such an award is reasonable. *Id.* at 478. In fact, the court in *U.S.F.L.* expressly stated that "[i]n passing § 1988 ... Congress intended that the *amount* of attorneys' fee awarded should be governed by the same standards as those that apply to antitrust-type litigations." *Id.* at 479. (emphasis in original). *See also* S.Rep. No. 94–1011 p. 6 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5913 (same standards used in determining reasonable fee awards under antitrust laws should be used in § 1988 cases). Accordingly, the court in *U.S.F.L.* noted that "[i]n the present case this [degree of success] is a crucial factor" in determining a reasonable attorneys' fee award. *Id.* at 485.

Moreover, even if plaintiff had correctly read *U.S.F.L.*, the Court is bound by the reasoning set forth in *Tic–X–Press Inc.*, an Eleventh Circuit case. There, the district court reduced the amount of attorneys' fees in an antitrust case to reflect the fact that the plaintiff was only able to establish an antitrust injury from seven of some twenty instances of anticompetitive conduct. Relying on *Hensley*, the Eleventh Circuit affirmed, stating "[i]t is well established that the result obtained from a lawsuit—the degree of success—is a relevant consideration in reducing or enhancing a lodestar." *Tic–X–Press*, 815 F.2d at 1424 (citing *Hensley*, 461 U.S. 424, 435–36, 103 S.Ct. 1933, 1940–41).

Plaintiff next argues that even under the rationale of *Hensley*, the award should not be reduced if the claims were interrelated and based upon a common core of facts. However, the Court in *Hensley* also stated that "[the results obtained are] particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." 461 U.S. at 435, 103 S.Ct. at 1940. The Court added that "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.... had respondent's prevailed on only one of their six general claims ... a fee award based on the claimed hours clearly would have been excessive." *Id.* at 436, 103 S.Ct. at 1941.

In the present case, the jury found for H.T. & T. on the refusal to deal claim, but found for TRW on the vertical price-fixing claim and the intentional interference with business claim. Additionally, summary judgment was granted for TRW on the defamation claim. Thus, "[i]n the context of the antitrust laws, and their enforcement by private attorneys general, this case was not the sort of clear-cut victory that unequivocally justifies a full fee, to verify and further the purpose of the antitrust laws." *U.S.F.L.*, 704 F.Supp. at 485.

■ The plaintiff contends that all the claims, including the state law claims, were simply "variations on the basic theme of TRW's anticompetitive conduct ... in the hope of achieving one desired outcome." However, "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill." *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941. The plaintiff alleged different causes of actions which nec-

essarily involved separate research on the relevant law, and possibly additional investigation of the facts.[4] Moreover, two of the claims were state law claims which would not have entitled plaintiff to attorneys' fees even if such claims had been successful.[5] The mandatory language of the antitrust laws speaks only to *successful antitrust* claims and "[w]ork on unsuccessful claims cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* at 435, 103 S.Ct. at 1940 (citations omitted).

This Court has not "mechanically" apportioned the fee award on the basis of H.T. & T.'s success or failure on particular issues. *See id.* at 438, 103 S.Ct. at 1942. All relevant factors, including plaintiff's degree of success and the interrelationship of the claims, have been considered. Based on these considerations, the Court finds that plaintiff had only limited success and that all claims were only partially related. Unfortunately, it is impossible from plaintiff's records to determine the exact amount of time spent on each claim. At the hearing, counsel for plaintiff stated that approximately 5% of their total time was spent developing and arguing the state law claims. The defendant disputes this computation. Although counsel need not record his time in great detail, plaintiff cannot claim compensation simply because its own records fail to distinguish the claims.[6]

The Court finds that the fee must be reduced 30% to reflect a reasonable fee. Thus, after careful review of H.T. & T.'s specification and itemization of the award, affidavits, and supporting documents filed April 25, 1990, the Court finds that H.T. & T. is entitled to and shall have and recover from defendant TRW, Inc. an award of

reasonable attorneys' fees and expenses in the amount of NINETY THREE THOUSAND ONE HUNDRED NINETY THREE DOLLARS AND NINETY SEVEN CENTS ($93,193.97.00).

---

4. In *Tic–X–Press,* the plaintiff's only cause of action was an illegal tying arrangement. Even so, plaintiff's award was reduced to reflect the limited degree of success at trial.

5. Implicit in the Court's holding in *City of Riverside, supra,* however, is that hours spent on state law claims are compensable when such claims are interrelated to the federal claim providing for the fee award.

6. *See Hensley,* 461 U.S. at 437 n. 12, 103 S.Ct. at 1941 n. 12 ("[W]e would not view with sympathy any claim that a district court abused its discretion in awarding unreasonably low attorney's fees in a suit in which plaintiffs were only partially successful if counsel's records do not provide a proper basis for determining how much time was spent on particular claims.") (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 279 (1st Cir.1978)).